**UNITED STATES of America,**
**Plaintiff,**

v.

**Patricia Campbell HEARST, Defendant.**

**Cr. No. 74-364-OJC.**

United States District Court,
N. D. California.

Jan. 16, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defendant.

## ORDER RE PSYCHIATRIC EXAMINATION OF DEFENDANT BY DR. HARRY KOZOL

OLIVER J. CARTER, Chief Judge.

An evidentiary hearing was held on this matter on January 14th and 15th, 1976, at the request of the defendant. On January 7th, 1976, the defendant was scheduled to be interviewed by Dr. Harry Kozol, a psychiatrist appointed by the Government for the purpose of offering expert testimony as to the defendant's mental state at the time of the offense charged, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure. During this interview, which began at the scheduled time at the San Mateo County Jail, where the defendant is being held pending trial, certain events took place which caused one of defense counsel, Mr. J. Albert Johnson, to terminate further examination of the defendant by Dr. Kozol. Mr. Johnson explained the reasons for his actions in a letter to the United States Attorney, a copy of which was furnished to the Court. The letter details these events as observed by Mr. Johnson and as related to him by the defendant, Patricia Hearst. The allegation in the letter that Dr. Kozol had conducted his examination of the defendant in an unprofessional manner provided cause for a meeting in chambers on January 13th, 1976, in which defense counsel reiterated the details as they saw them and the charges against Dr. Kozol. The evidentiary hearing in open court, pursuant to which this Order is issued, was requested for the purpose of eliciting testimony relating to Dr. Kozol's examination of the defendant and specifically to the question whether he should be permitted to resume these examinations and act as an expert witness for the Government.

Based on the record produced at the aforementioned hearing, the Court is of the opinion that the defense has not carried its burden to show that Dr. Kozol is not qualified by his actions on January 7th, 1976, to continue in his role as a potential expert witness for the Government and to resume his interviews with the defendant directed to that purpose. There has been no allegation that Dr. Kozol is not otherwise eminently qualified by education, training and experience. At most, the record establishes that at the particular time of her interview with Dr. Kozol, the defendant was not in the proper frame of mind to sub-

mit herself to further psychiatric questioning and that the wisest course of action for all concerned would have been to postpone the interview to another day. The Court is not inclined to second-guess a man of Dr. Kozol's qualifications in this regard, however, and will merely reiterate that the defense has not shown that Dr. Kozol was oppressive or otherwise unprofessional in his treatment of the defendant during the course of his brief and frequently interrupted interview with her. The Government has a right, just as the defendant does, to choose its own experts, and it will not be deprived of that right absent a showing of severe, oppressive circumstances deleterious to the health or legal rights of the defendant. Such a showing has not been made.

Accordingly, IT IS ORDERED that the defendant be required to submit to interviews with Dr. Harry Kozol, the Government-appointed psychiatrist in this case, at the earliest possible time, consistent with the objective of providing the Government an opportunity to prepare expert testimony of its own in accordance with Rule 12.2 of the Federal Rules of Criminal Procedure.

IT IS FURTHER ORDERED that the provisions of this Court's Order of January 4th, 1976, respecting the defendant's cooperation in answering inquiries made of her by consulting psychiatrists remain in effect.

Should the defendant fail to comply with the provisions of this Order or the aforementioned Order of January 4th, 1976, the Court will not hesitate to levy appropriate sanctions provided by Rule 12.2(d) of the Federal Rules of Criminal Procedure, including the exclusion of the testimony of any expert witness offered by the defendant on the issue of her mental state.